# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 14-1153V
Filed: March 15, 2016
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
| | |
|---|---|
| MARY DANIELS, | |
| Petitioner, | Damages Decision Based on Proffer; |
| | Influenza ("Flu") Vaccine; |
| | Shoulder Injury Related to Vaccine |
| SECRETARY OF HEALTH | Administration ("SIRVA"); |
| AND HUMAN SERVICES, | Special Processing Unit ("SPU") |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Ronald Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioner.
Camille Collett, U.S. Department of Justice, Washington, DC for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On November 26, 2014, Mary Daniels filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that she a shoulder injury related to vaccine administration (SIRVA) which was caused by the flu vaccine she received on December 3, 2012. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 19, 2015, a ruling on entitlement was issued, finding that petitioner was entitled to compensation. On March 15, 2016, respondent filed a proffer on award of compensation ["Proffer"] stating that petitioner should be awarded $108,003.08. Proffer at 1. According to respondent's Proffer, petitioner agrees to the proposed award of compensation. Id.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

Pursuant to the terms stated in the attached Proffer, the undersigned awards petitioner **a lump sum payment of $108,003.08 in the form of a check payable to petitioner, Mary Daniels.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                              **s/Nora Beth Dorsey**
                                              Nora Beth Dorsey
                                              Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MARY DANIELS,<br><br>                      Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                      Respondent. | No. 14-1153V<br>Chief Special Master Nora Beth Dorsey<br>ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On February 18, 2015, respondent filed a Rule 4(c) Report in which she conceded entitlement. On February 19, 2015, the Court issued a Ruling on Entitlement, finding that petitioner is entitled to compensation.

Respondent now proffers that petitioner receive an award of a lump sum of **$108,003.08,** in the form of a check payable to petitioner. This amount represents compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner is entitled.[1] This proffer does not address final attorneys' fees and litigation costs. Petitioner is additionally entitled to reasonable attorneys' fees and litigation costs, to be determined at a later date upon petitioner submitting substantiating documentation.

Petitioner agrees with the proffered award of **$108,003.08,** as representing all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner is entitled.

---

[1] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

Respectfully Submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney
General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

ALTHEA WALKER DAVIS
Senior Trial Counsel
Torts Branch, Civil Division

s/Camille M. Collett
CAMILLE M. COLLETT
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Ben Franklin Station
Washington, D.C. 20044-0146
Direct dial: (202) 616-4098

DATE:  March 15, 2016