# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-1153V
Filed: August 11, 2016
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| MARY DANIELS, | |
| Petitioner, | |
| v. | Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit ("SPU") |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Ronald C. Homer,* Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioner.
*Camille M. Collett,* U.S. Department of Justice, Washington, DC for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On November 26, 2014, Mary Daniels filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioner alleged that she a shoulder injury related to vaccine administration (SIRVA) which was caused by the flu vaccine she received on December 3, 2012. Petition at 1. On March 15, 2016, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer to which petitioner agreed. (ECF No. 37).

On July 11, 2016, petitioner filed a motion for attorneys' fees and costs. (ECF No. 41). Petitioner requests attorneys' fees in the amount of $22,049.90, attorneys'

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

costs in the amount of $1,559.43, and petitioner's out-of-pocket costs in the amount of $400.00 for a total amount of $24,009.33. *Id.* at 1. In accordance with General Order #9, petitioner's counsel represents that petitioner incurred $400.00 in out-of-pocket expenses. *Id.*; *see also id.* at 45 (Tab C) (canceled check for filing fee signed by petitioner).

On July 20, 2016, respondent filed a response to petitioner's motion. (ECF No. 43). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Additionally, she "asserts that a reasonable amount for fees and costs in the present case would fall between $12,000.00 to $14,000.00." Respondent cites to a list of cases which she argues are similarly-postured SPU cases as support for her proposed range. *Id.* at 3.

On August 2, 2016, petitioner filed a reply. (ECF No. 47). Petitioner indicates she "is puzzled by the respondent's reference to 'similar cases' that purportedly demonstrate a range of fees and costs awarded in past cases similar to that of the petitioner." *Id.* at 3. Petitioner notes that several of the fee awards were based on a stipulated amount and none are cases in which petitioner's counsel was attorney of record. *Id.* at 3-4. Moreover, petitioner argues that respondent's objection is vague and urges the undersigned to reject respondent's argument.

Petitioner requests additional attorneys' fees in the amount of $487.00 for preparing the reply. Pet. Supplemental Motion for Attorneys' Fees and Costs at 1 (ECF No. 45). Petitioner has provided specific billing entries describing how this time was expended.[3] The undersigned finds the request for additional hours spent preparing the reply to be reasonable and awards the full amount requested for preparation of the reply brief, $478.00. Thus, the total amount awarded for attorneys' fees and costs is **$24,487.33**.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $24,487.33[4] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Conway, Homer & Chin-Caplan, P.C.**

---

[3] As in the billing records submitted earlier, petitioner has not billed for all time expended but omits .2 hours of time as not billable. *Id.* at 4 (Tab A); *see also* Petitioner's Motion for Attorneys' Fees and Costs at 15, 18 (ECF No. 41) (petitioner's original billing records).

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.